No. 12-14-00148-CV

---

IN THE COURT OF APPEALS FOR THE
TWELFTH DISTRICT OF TEXAS AT TYLER, TEXAS

---

MARY LOU PETTY,

Appellant

v.

SANTANDER CONSUMER USA, INC

Appellee

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 2 7, 2015

TYLER, TEXAS
GATHY S. LUSK, CLERK

---

REPLY BRIEF OF APPELLANT, MARY LOU PETTY

---

From the 2nd District Court, Cherokee County, Texas,
Cause no. 2013-06-0442, Hon. Dwight Phifer, presiding.

---

Mary Lou Petty
744 Elizabeth Drive
Bullard TX 75757
(903) 825-7222
Appellant
Pro Se

ORAL ARGUMENT IS REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

I.    Plaintiff/Appellee:

Santander Consumer USA, Inc.

Counsel:

Aaron Z. Tobin
State Bar No. 24028045
atobin@andersontobin.com
Kendal B. Reed
Texas Bar No.
24048755
kreed@andersontobin.com
Anderson /Tobin PLLC.
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Phone (972) 789-1160
Fax:  (972) 789-1606


II.   Defendant/Appellant:
Mary Lou Petty, Pro Se
744 Elizabeth Drive
Bullard, Texas 75757
(903) 825-7222
onegentledove@peoplepc.com

# TABLE OF CONTENTS

IDENTITIES OF PARTIES ............................................................. i

TABLE OF CONTENTS ............................................................. ii

TABLE OF AUTHORITIES ........................................................ ii

STATEMENT OF THE CASE ...................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ........................... 2

DISCREPANCIES .................................................................... 3

ARGUMENTS ......................................................................... 7

CONCLUSION ........................................................................ 12

CERTIFICATE OF COMPLIANCE .............................................. 13

CERTIFICATE OF SERVICE ...................................................... 13

TABLE OFSTATUES

Texas Constitution Art 1 Sec 15 and Art V Sec 10 ............................. 11

Tex R Civ P. 38(a) ............................................................ 2, 10

Tex R. Civ P. 166a ........................................................... 6, 11

Tex R. App P. 9.4(e), (i) .................................................... 13

## STATEMENT OF THE CASE

On December 14, 2012, Mary Lou Petty, the Appellant/Defendant, did sign a contract to purchase a 2005 Toyota Trundra (CR 42-43) which was financed through Santander Consumer, USA, Inc., Plaintiff/Appellee. When she realized that she had been deceived by a lie told by the sales man, she notified Santander Consumer USA, Inc., the finance company on December 18, 2012 that she was going to return the vehicle to the dealership the next day. On December 19, 2012, she did return the vehicle and again notified Santander that the vehicle was returned to the dealership because she did not want to do business with an unethical business.

Just prior to the law suit being filed, she had a knee replacement surgery and then in September, she had a knee manipulation procedure. This resulted in intensive physical therapy, 5 days a week and an increase in taking pain medications. Being visually impaired and taking pain medication made it impossible for Ms. Petty to function properly. She was physically and mentally incapacitated for several months and did not have the strength or energy to devote to this matter. It was extremely difficult trying to read the cited sections of the TRCP.

She tried diligently to obtain legal counsel, but was not successful. She tried to obtain legal aid/assistance through different agencies but made too much to qualify. She couldn't get a loan to pay $5,000.00 retainer fee because this vehicle showing up on her credit score; therefore, Ms. Petty was forced to defend herself. She admits to making some mistakes but feels some of them can be justified.

## STATMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument. She does not agree with the Appellee claims that this is a simple and straightforward summary judgment. This case had too many discrepancies, inconsistencies and miscommunications that need to be taken into account before determining if it is a straight forward summary judgment.

## TO THE HONORABLE COURT OF APPEALS

Ms. Petty respectfully pray that the Court reverse the trial court Summary Judgment in favor of the Appellee and remand this case to be returned to the trial court for a trial by jury or, alternatively, give the appellant a chance to file the necessary affidavits to oppose the appellee's claims and have a summary judgment hearing. The Appellant was working on bringing the manager from Fenton Motors into the suit under TRCP 38(a). She is still very interested in justice being served.

## DISCREPANCIES

After reading through the Appellee's Brief (referred to as AB) from here on, Mr. Reed made some comments about the motion for continuance hearing, Ms. Petty decided to verify that there was not any reporter's record. After learning there was a recorded record and she requested it, she decided to do a thorough check of the clerk's records. Many discrepancies were noted.

The 1st discrepancy Mr. Reed made reference to was Ms. Petty's Motion for Continuance (CR 56) as a hearing. If that was actually a hearing then there must be a Reporter's Record (referred to as RR from here on) of it. She made the request for this record and inquired as to the fee to obtain them when she filed for the Appeal. Ms. Petty was told there wasn't any. She was disappointed but thought it was not recorded because it was a conference call. But since Mr. Reed referred to it as a Motion for Continuance Hearing she believed there had to be a recording made of it; therefore she contacted the court reporter and asked if there was a record of the March 5th 2014 Meeting. The reporter said there was and it would cost $40.00.

There were some things the Judge said that would have been put in her brief if she had received the (RR) at that time. This was a major Discrepancy. This led to a more careful review of the (CR). Several other discrepancies existed.

The 2nd discrepancy was Index 13, CR 53, dated 2/7/14. It was a note sent to Cynthia Navarro (Mr. Reed's Litigation Legal Assistant). This note stated that Judge Phifer will not hear this msj by submission. She will notify Ms. Petty. However, Ms. Petty never received this note.

The 3rd discrepancies involved CR 55 and CR 56. CR 55 a Letter Motion for Dismissal and CR 56 was a Letter Motion for Continuance. Both of these letters were mailed to the district court on Feb 26, 2014. But since Ms. Petty didn't put 2nd Floor Drawer G as part of the address, the clerk's office had not received them as of March 3, 2014; therefore she faxed the copy of the letters into the clerk's office. The problem with this that they were never returned to Ms. Petty. Since Rusk is such a small town, the letters (CR 55-56) should have made it to their office. When they did make it, they should have been an annotation made in the clerk's record as to the date and time they were actually received the originals letters.

The 4th discrepancy involves CR 57. It is not listed on the CR Index page. It is a fax confirmation sheet showing that 4 pages were sent from Mary Monkress, the court coordinator to Mr. Reed. It was dated 3/4/14 and was sent at 1:25PM. There is no annotation as to what was sent to Mr. Reed.

The 5th discrepancy is a CR 58 which is a Hearing Setting on Motion for Summary Judgment set for May 6, 2014. It is dated March 5, 2014, from Mary

Monkress and address to Mr. Reed and a copy to me. There is no clerk district court stamp on it showing it was filed at what time and what date. However there is a large stamp showing it is a copy.

Another discrepancy is CR 59 which is March 4, 2014. It is from Mary Monkress and address to Mr. Reed. It has hand written Mr. Reed fax number, Cynthia number and Ms. Petty home phone number on it. It was filed at 3PM on March 6th. What was the significance of this? Was a faxed sent to Mr. Reed? If so, then what? It is another item that isn't listed in the Index.

The seventh discrepancy is identified as item 17 of the CR 60 – 62, Notice of Hearing from Mr. Reed to the court coordinator. CR 60 is a fax cover sheet that there are 4 pages including this cover sheet. The clerk's stamp shows it was received on March 11, 2014 at 3:50PM. CR 61 is the Notice of Hearing that he sent to Ms. Petty and CR 62 was the cc: via fax to Mary – the court coordinator. A four page document (including the cover sheet) would be CR 60 – 63.

However, CR 63 is listed in the Index and another Notice of Hearing. It is actually another fax cover sheet, showing 4 pages (including this page). It is identical to the CR 60 cover sheet but there is no time of receipt indicated. Was there a 4th page of this document that did not get filed in the record? If so what was it?

Equally as puzzling is CR 64. It is actually a Notice of hearing letter sent to Mr. Reed with a copy to Ms. Petty. This letter is from the district court coordinator signed on March 5, 2014 but it was not filed with the district clerk until 3:30 or maybe 3:50PM on March 11, 2014. What is interesting with this document is that it is the same letter as CR 58 which was stamped as a COPY without any clerk's filing on it. The CR 58 is a clear image where as the CR 64 is a reproduced copy and may be of a different font than the CR 58 which is supposed to be the copy.

The final discrepancy with the clerk's record is CR 65, the Defendant's Motion for Trial by Jury, filed in the clerk's record on April 2, 2014 at 9:58. I was told by the lady that took the motion that I needed a page for the judge to sign. Ms. Petty told her she would take the prepare one and take it in the next day, which she did. It is not in the record. What happened to it? Why isn't it in the record?

Another discrepancy that isn't concerning the clerk's record is actually Santander's Summary Judgment. It was signed by the Judge Presiding on May 6, 2014. However, the actual Summary Judgment does not provide any reference as to what grounds of TRAC 166a it was filed under.

# ARUGMENTS

In the Appellee's Brief (will be referred to as AB) Statement of Facts section, (AB 10), Mr. Reed discusses Ms. Petty Motion for Continuance (CR 56) and her Motion for Dismissal (CR 55). Both of these motions were written in a letter format on February 26, 2014 and mailed on that date. On March 3, 2014, she called to see the status of these requests. The district clerk had not received them and it was determined that it was because "2nd Floor Drawer G" was not included as part of the mailing address. So Ms. Petty faxed a copy of these 2 motion letters.

Ms. Petty submitted a "dismissal" motion because Mr. Tobin never identified himself as an attorney and passed himself off as an employee of Santander. Even though she failed to set the motion for a hearing, it did happen and the Appellant told him everything about the situation because he claimed he would resolve the issue. This put her at a great disadvantage.

The district court did hear Ms. Petty's letter motion for a continuance (CR 56 and RR 3) and granted a 60 day continuance to give her the opportunity to try to get an attorney. She did diligently try to obtain one but financially did not have the financial means to pay the retainer fee, unable to get a loan and income was above the level to get legal aid/assistance.

The significant of receiving the Report's Record is because of a few statements made by the judge in reference to the summary judgment that is beneficial to Ms. Petty. The following is taken from the (RR 3):

> THE COURT: If you want a hearing on it - - if either one of y'all want a hearing on it, you will need to request it, or otherwise I will take it my submission. And, Ms. Petty, that means that I will just read the motion and read the response, if there is one, and rule on it. But if either one of y'all actually want a hearing just let my Court Coordinator know and we will give you a hearing on it.

The following statements are taken from the (RR 4):

> THE COURT: No. She is standing here right now. She will do it. She will take care of it, give y'all notice. And like I said, if you actually want a hearing on it you will have to request that.

> THE COURT: Otherwise, I will take it by submission.

> THE COURT: Set is sometime and given them notice and tell them in your notice it will be by submission unless they want a hearing in which case they will have to request it.

Take notice that the Hearing Setting on Motion for Summary Judgment set for May 6, 2014 @ 10 a.m. letter from Mary Monkress, the Court Coordinator, dated March 5, 2014. It states: "The above-referenced case is set for hearing on Plaintiff's Motion for Summary Judgment by Submission in the indicated court as follows:" Notice this was not in accordance with the Judge's instructions. The statement was supposed to be:

The above-referenced case is set for hearing on Plaintiff's Motion for Summary Judgment by Submission unless they want a hearing in which case they will have to request it.

Also the Notice of Hearing letter that Mr. Reed sent to Ms. Petty stated that the Plaintiff's Motion for Summary Judgment has been reset for a hearing by submission on. He also left out the phase unless they want a hearing in which case they will have to request it. By this statement being left off, it changes the situation.

The statement made by the Judge in the Motion for Continuance (RR 3) he informs Ms. Petty that taking it by submission means that he would just read the motion and read the response, if there is one, and rule on it. Then he continued on with the statement that if either one of y'all want actually want a hearing just let the court coordinator know and we will give you a hearing on it. To the Appellant that meant she could do the summary judgment or she could have a hearing on it. It was like you can do it this way or this other way.

Since Ms. Petty wasn't able to obtain legal representative, she thought it would be easier to have a hearing. She thought she didn't have to respond to the summary judgment since she requested a trial by jury. She did check with Mary Monkress on a few occasions to verify if a trial by jury date had been set. Ms. Petty also notified her witnesses that she needed to get affidavits from them to process to the court prior to a court date. Mary Monkress assured Ms. Petty that

the trial by jury date would be set as soon as Mr. Reed replied to her counter petition. That did not happen.

Mr. Petty was preparing to bring in Mr. Price into the law suit under TRCP 38: Third Party Practice. After all he was the general manager at the dealership when she purchased the vehicle. He is the one that is liable to the plaintiff's claims against her.

Mr. Reed also stated that pleadings are not competent evidence or proof of facts that created a genuine issue of material facts thereby precluding summary judgment. As a general rule, pleadings are not summary-judgment evidence. But in this case, the Judge had stated that if either one of them wanted a hearing just request it and we (the court) will give you a hearing on it.

Mr. Reed claimed (AB 19 – 21):

> B. There is no basis to reverse the trial court's summary judgment simply because the court decided the Motion upon submission without an oral hearing.

In accordance with what the judge said not just once, but repeatedly during the Motion for Continuance hearing that she could have a hearing. She still believes that she is entitled to an oral hearing or a jury trial. Mr. Reed continued on by stating the record shows that Ms. Petty was informed that court would be ruling Santander's Motion by submission (CR 58-61). As already stated, the Judge's words were "tell them in your notice it will be by submission unless they

want a hearing in which case they will have to request it. Therefore the trial court did err in ruling on Santander's motion by submission.

Also the Summary Judgment the Judge signed does not provide any TRAC 166a reference(s as to what grounds it was filed under.

Mr. Reed claimed (AB 22)

> D. Petty request for a jury trial does not prevent the trial court from rendering a summary judgment and does not violate her rights under the Texas Constitution.

Ms. Petty feels that her rights to a trial by jury were violated even through those rights are not an absolute. Just the statements made by the Judge in the Motion for Continuance alone should be enough to grant her the trial by jury she requested. In the record there is a post it on her motion for trial by jury (CR 65) stating not to set at this time and something about the counter claim against the finance co. The court coordinator told Ms. Petty the trial by jury date would be set as soon as she received the counter claim response back from Mr. Reed. He claims that no disputed material fact issues to be submit to a jury. However, since a trial by jury date had not been set, the affidavits had not been submitted to the court yet. The trial court did err and violated Ms. Petty's rights to a trial by jury. (Tex Constitution Art 1 Sec 15 & Art V Sec 10)

## CONCLUSION

This is not a straight forward summary judgment case. There were several miscommunications, mistakes and discrepancies by all parties. The Appellant had no choice than to defend herself. She prays to God that the 12th Court of Appeal shows her mercy and give her a chance to prove her innocence and allow her the opportunity to bring the third party into this suit by remanding this case back to the trial court so she can be given a trial by jury.

Respectfully Submitted,

*Mary Lou Petty*

Mary Lou Petty
Pro Se
onegentledove@peoplepc.com
744 Elizabeth DR
Bullard TX 75757
(903) 825-7222

CERTIFICATE OF COMPLIANCE WITH Rule 9.4(e), (i)

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4 because according to the Microsoft Word count function it contains 3,181words.

This brief complies with the typeface requirement of Texas Rule of Appellate Procedure 9.4(e) because it used the Times New Roman 14 point text and Times New Roman 12 point font in footnotes.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document will be delivered by first class mail and certify mail, return receipt request on March 27, 2114

Kendal B. Reed
Anderson Tobin, PLLC
13355 Noel Road, Suite 1900
Dallas TX 75240
Attorney for Appellee
kreed@andersontobin.com
(972) 789-1160
(972) 789- 1606 (fax)

Mary Lou Petty
ProSe